CRAIG and another, Partners, etc., *v.* McARTHUR and another, Partners, etc.

*(Circuit Court, D. Minnesota. July, 1886.)*

CONTRACT—RAILROAD BRIDGE—DAMAGES.

No question of law appears to have been raised in this case. The damages sought by the defendants in their counter-claim were rejected as being too remote, and judgment rendered for the balance found due plaintiffs on their contract.

Action to recover the contract price on an agreement to furnish stone for mason work.

Suit on contracts. Jury waived.

*Gordon E. Cole* and *Lewis & Leslie*, for plaintiffs.

*Bigelow, Flandrau & Squires*, for defendants.

NELSON, J. On February 1, 1884, a contract was entered into between the plaintiffs and defendants, by which it was agreed that the plaintiffs should furnish all the impost and arch stones for the building of a viaduct over the St. Paul & Duluth Railroad, on Seventh street, in the city of St. Paul, at the price of $8.50 per cubic yard, dressed, and delivered F. O. B. at Mankato, Minnesota. "F. O. B." means "free on board cars."

This contract is evidenced by the following letters:

"MANKATO, MINN., February 1, 1884.

"*McArthur Bros., St. Paul, Minn.*—GENTLEMEN: We offer to furnish you the impost and arch stones for the viaduct over the St. Paul & Duluth R. R., on Seventh street, in St. Paul, at eight dollars and fifty cents per cubic yard, dressed, and delivered F. O. B. at Mankato, Minn. We also offer to furnish the balance of the masonry required in your contract with the city of St. Paul for the improvement of Seventh street (except coping, curbing, and guttering) at five dollars per cubic yard, dressed, or at two dollars and fifty cents per cubic yard, undressed, F. O. B. in Mankato, Minnesota.

"W. B. CRAIG & Co."

"ST. PAUL, MINN., February 1, 1884.

"*W. B. Craig & Co., Mankato, Minn.*—GENTLEMEN: In answer to your letter of this day, we accept your proposition of eight dollars and fifty cents per cubic yard for the impost and arch stones for the viaduct over the St. Paul & Duluth R. R., in St. Paul, dressed, and F. O. B. in Mankato. As to your offer for the stone for the balance of the masonry for the Seventh-street improvement, we will answer at an early day, and we hope circumstances will be such that we can accept the same.

"Very truly, McARTHUR BROS."

The plaintiffs' offer of February 1, 1884, contained two independent propositions: one to furnish impost and arch stones, and the other to furnish stone for balance of masonry. The first was accepted, and on July 5, 1884, was modified, with consent of parties, by the following letter:

"MANKATO, MINN., July 5, 1884.

"*Messrs. McArthur Bros., Contractors for the Improvement of Seventh Street in and for the City of St. Paul*—GENTLEMEN: Under our agreement to furnish you the impost and arch stones for the viaduct over the St. Paul & Duluth R. R. embraced in your contract for the improvement of Seventh street, we have gotten out, and have shipped you, the greater part of about forty impost stones. These were dressed to 'lie on edge.' with the assent, as we supposed, of the city engineer, but they have been rejected by him, and we find it would be difficult and tedious to get the impost stone of dimensions required on natural beds. We therefore propose the following modification of our agreement to furnish said impost and arch stones, viz.: That part of the impost stones below the springing line of the smaller arch to be reduced from eighteen inches, as now required, to twelve inches, and that part of the same below springing line of large arch to be reduced to ten inches; you to pay us two hundred dollars towards cost of dressing the rejected impost stones. Those of them sent you, or which may be sent, to be used as part of stone for other masonry which we are furnishing you. In consideration of the foregoing conditions being accepted by you, we will get out, dress, and load on cars for you, at Mankato, within seventeen days, all the impost stones required for said viaduct, and the arch-stones promptly thereafter, as required for the work; said stones to be got out and dressed to lie on natural beds, and in accordance with specifications for said work, and as directed by said city engineer         W. B. CRAIG & Co."

"*W. B. Craig & Co.:* The city engineer having agreed to the change in dimensions as proposed by you, we accept the foregoing proposition of yours.
                                                    "McARTHUR BROS."

On May 10th, the offer to furnish the balance of the stone in letter of February 1, 1884, not being accepted, plaintiffs and defendants entered into the following contract by letters:

                                    "MANKATO, MINN., May 10, 1884.

"*Messrs. McArthur Bros., Con's Seventh-street Improvement, St. Paul, Minn.*—SIRS: We will furnish you the stone suitable for following mason work under your contract with city of St. Paul, as per their specifications, uncut, free on board cars, in Mankato, at following prices, viz.: Stone for center pier St. Paul & Duluth viaduct; stone for spandrel or parapet walls St. Paul & Duluth viaduct; stone for spandrel and backing St. Paul & Duluth viaduct; stone for abutments at east end of bridge, Trout Brook valley; stone for Brook-st. wall. We will furnish sixty-six and two-thirds (66 2-3) per cent. of above-mentioned stone at two dollars per cubic yard, and thirty-three and one-third per cent. free of charge to you, the consideration for the thirty-three and one-third per cent. being included in price for the sixty-six and two-thirds per cent. And any or all stone which you desire to cut before being shipped we will deposit in a suitable place for cutting, and, after they have been cut, we will load them on cars without extra cost to you. We will furnish the above stone promptly, as required by you.

"Yours, very resp'y,                               W. B. CRAIG & Co."

"We accept the foregoing proposition.             McARTHUR BROS."

Between the time of the acceptance of the proposition to furnish impost and arch stones and the letter of May 10, 1884, some correspondence and conversation was had between the parties with reference to furnishing all the stone required, in which the plaintiff objected to furnish the impost and arch stones unless he secured the

contract to furnish all stone required. In my opinion the minds of the parties met February 1, 1884, relative to furnishing the arch and impost stones, and that contract was a complete and existing one. It was subsequently modified by consent of parties. See letter and acceptance dated July 5, 1884, *supra.*

The defendants appointed Russell agent and inspector to examine and check stone furnished. The plaintiff delivered, under the first contract, 1,262 yards, measured before dressing, according to his interpretation of the contract; but the defendants contend that the measurement should be made after dressing, and that, according to such measurement, only 1,073 yards were delivered.

I think the defendants are right in their construction. The impost and arch stones were to be delivered dressed, free on board cars, at $8.50. The value of this amount of stone is $9,120.50. The amount of stone delivered under the contract of May 10, 1884, measured 1,192 yards, which had been dressed by defendants, and 554.22 yards backing; making, in all, 1,757 yards. To this must be added the waste upon the 1,192 yards cut by the defendants, which, figured at 10 per cent., brings the amount of stone delivered under contract to 1,875 yards. At $2 per yard for two-thirds of this amount, the value is $2,500; making the value of stone delivered under the two contracts $11,620.50. The plaintiffs claim in addition extra work and use of plaintiffs' machinery, by request of defendants or their agent, $298 for turning stone, delivered under contract of May 10th; $200 for stone delivered previous to modified contract of July 5, 1884; and $114.80 for back-dressing some of the ring stones not in the specifications; and $46.50 for bridge stones and nosing furnished, which in the specifications were stated as granite, and not the stone to be furnished, I think, under the contract of February 1, 1884; also $87.50 for work in drilling, done at request of defendants' foreman and agent.

These claims are allowed, but some others set forth in the pleadings are disallowed; being stone contracted to be furnished under the contracts according to plans and specifications for the work, including coping.

The defendants in their answer set up several counter-claims, viz., damages for failure to deliver on time agreed on, and for stone not according to contract. I reject all of them.

The damages as proven are too remote.

The defendants have paid on account $12,076.16, which leaves a balance of $291.14 due plaintiffs, for which amount judgment is ordered, with interest from December 6, 1884.